**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 98-50138
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

CAROL JOHNENE MORRIS,

Defendant-Appellant.

Appeal from the United States District Court
For the Western District of Texas
MO-97-CR-10-ALL

December 9, 1998

Before WISDOM, JONES, and EMILIO GARZA, Circuit Judges.

PER CURIAM:[*]

Carol Johnene Morris was convicted by a jury of three counts of being a felon in possession of a firearm and one count of making a false statement to acquire a firearm. Morris was sentenced to 41 months in prison. She now appeals her conviction and sentence. We affirm.

On October 3, 1996, Morris was pulled over by the Midland (Texas) police for making a wide right turn. A computer search showed Morris had outstanding municipal warrants. She was arrested and booked at the Midland jail. As a standard booking procedure, the police conducted an inventory search of Morris's wallet, which revealed a pawn ticket for a firearm. Knowing Morris to be a convicted felon, the police contacted her parole officer. On October 31, Morris was arrested on a

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

warrant for parole violations. On February 26, 1997, Morris was released as no parole revocation hearing had been held during the period required by Texas law. On March 20, 1997, Morris was indicted on the federal weapons charges for which she was eventually convicted.

Morris first contends that the district judge erred in denying her motion to dismiss for violation of her rights under the Speedy Trial Act.[2] This court reviews the facts supporting a Speedy Trial Act ruling for clear error, while legal conclusions are reviewed *de novo*.[3]

The Speedy Trial Act requires an indictment or information to be filed within thirty days from the date of the defendant's arrest "in connection with such charges."[4] Morris contends that she was arrested on October 31, 1996, and not indicted until the following March. "An individual is not arrested under 3161(b) until he is taken into custody after a federal arrest for the purpose of responding to a federal charge."[5] Morris was arrested on state charges in October of 1996, not federal charges. As she was not arrested on federal charges until after the indictment had been filed, there is no Speedy Trial Act violation.

Morris's second contention is that the district judge erred in denying her motion to suppress evidence, asserting that the initial traffic stop was conducted without probable cause. In reviewing a district court's denial of a motion to suppress, this court reviews factual findings for clear error and conclusions of law *de novo*.[6] The arresting officer testified that Morris made an illegally wide turn. The officer also admitted that he knew Morris and had decided to follow her to investigate if she was involved in the drug trade. Morris contends that the traffic stop was clearly pretextual. "So long as a traffic law infraction that would have objectively justified the stop had taken place, the fact that the police officer may have made the stop for a reason other than the occurrence of the traffic infraction

---

[2] 18 U.S.C. § 3161(b).

[3] United States v. Bailey, 111 F.3d 1229, 1235 (5th Cir.), *cert denied*, 118 S. Ct. 327 (1997).

[4] 18 U.S.C. § 3161(b).

[5] United States v. Johnson, 815 F.2d 309, 312 (5th Cir. 1987).

[6] United States v. Carrillo-Morales, 27 F.3d 1054, 1060 (5th Cir. 1994).

is irrelevant for purposes of the Fourth Amendment."[7] As the district court was not clearly erroneous in finding the officer's testimony credible, the stop was objectively justified. This assignment of error is without merit.

Morris further contends that the inventory search of her wallet was illegal, and that all evidence arising from that search should have been suppressed. Morris concedes that evidence discovered during an inventory search conducted in accordance with standard police procedures is admissible.[8] It was therefore proper for the police to remove the pawn ticket from Morris's wallet and unfold it to look for contraband. At that point, Morris no longer had a privacy interest in the property, and it was proper to seize it without a warrant.[9] The motion to suppress was properly denied.

Morris's fourth contention is that the district judge abused his discretion at sentencing in denying a downward departure for acceptance of responsibility. The record indicates that Morris has yet to accept her responsibility in this case. There is no abuse of discretion.

Finally, Morris contends that the district judge abused his discretion in refusing to compute the beginning and end point of Morris's sentence. Such computations are to be made by the Attorney General, through the Bureau of Prisons, after sentencing.[10] The assignment is without merit.

The conviction and sentence are AFFIRMED.

---

[7] Goodwin v. Johnson, 132 F.3d 162, 173 (5th Cir. 1998).

[8] See Appellant's Brief, p. 21. See also Colorado v. Bertine, 479 U.S. 367, 374 (1987).

[9] United States v. Andrews, 22 F.3d 1328, 1337 (5th Cir. 1994).

[10] United States v. Wilson, 503 U.S. 329, 333-334 (1992).